IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Daniel Battaglia | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. _____ |
| | § | |
| Genesis Energy, LLC and DG Marine | § | |
| Transportation LLC. | § | |
| | § | |
| *Defendants.* | § | In Admiralty – Rule 9(H) |

## ORIGINAL COMPLAINT

Plaintiff complains of Defendants Genesis Energy, LLC and DG Marine Transportation, LLC, (collectively "Defendants") and would respectfully show the Court that:

### I.

### Jurisdiction

1. This action is within the admiralty and maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h).

2. This claim is maintained under the Jones Act.

3. Venue is proper in this District because Defendants do a substantial amount of their business in this District and because a substantial portion of the events occurred in this Division and Plaintiff resides in this District.

## II.

## Venue

4.  Venue is proper in this District and Division because all or a substantial portion of events occurred in this Division.

## III.

## Parties

5.  Plaintiff is an American seaman and is a resident of Texas.

6.  Defendant DG Marine Transportation, LLC is a Texas company that may be served through its registered agent, Karen N. Pape at 919 Milam, Suite 2100, Houston, Texas 77002 or its attorney Bill Mahley at Strasburger Price, 1401 McKinney, Suite 2200, Houston, Texas 77020.

7.  Defendant Genesis Energy, LLC is a Texas entity that may be served through its registered agent, Karen N. Pape at 919 Milam, Suite 2100, Houston, Texas 77002 or its attorney Bill Mahley at Strasburger Price, 1401 McKinney, Suite 2200, Houston, Texas 77020.

## IV.

## Nature of the Action

8.  On or about March 5, 2011, Plaintiff was employed by Genesis Energy LLC, seconded by DG Marine Transportation, LLC aboard the vessel MV Clay Griffin, which was owned, operated and/or managed by DG Marine Transportation, LLC.  While the MV Clay Griffin was deployed on navigable waters offshore of this county, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious

injuries to his neck, elbow, arm, and other parts of his body due to Defendants' negligence and the M/V Clay Griffin's unseaworthiness. Specifically, Defendants failed to secure deck plating, which moved causing Plaintiff to fall. In fact, these deck plates were supposed to be replaced and/or repaired over a year before Plaintiff's injuries according to Defendants own vessel audits.

9. Defendants are negligent for the following reasons:

   a. Failure to replace the deck plating in a timely manner;

   b. Allowing for a known unsafe condition to exist on its vessel;

   c. Failure to make adequate and safe repairs on the subject vessel;

   d. Failure to warn its crewmembers of a condition which was known to management;

   e. operating the vessel in an improper and unsafe manner;

   f. failure to maintain the vessel;

   g. failure to maintain, inspect, and/or repair the vessel's equipment;

   h. vicariously liable for their employees' negligence and;

10. At all relevant times, the MV Clay Griffin was unseaworthy, which renders DG Marine Transportation, LLC liable.

11. As a result of said occurrence, Plaintiff suffered a severe injury to his neck, elbow, arm, and shoulder.

12. Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability,

3

Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant has failed to pay.  Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure.  Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## V.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court including:

a. Past and Future medical damages;

b. Past and Future loss of earning capacity;

c. Past and Future pain and suffering and mental anguish;

d. Past and Future impairment;

e. Past and Future disfigurement;

f. Past and Future maintenance and cure;

g. Exemplary damages associated with the failure to pay maintenance and cure;

h. Costs of court; and

i. All other and further relief to which Plaintiff may be justly entitled.

        Respectfully Submitted,

        ARNOLD & ITKIN LLP

        */s/ M. Paul Skrabanek*
        _____
        Kurt B. Arnold
        SBN:  24036150
        M. Paul Skrabanek
        SBN:  24063005
        1401 McKinney, Suite 2550
        Houston, Texas  77010
        Tel: 713.222.3800
        Fax: 713.222.3850

        **ATTORNEYS FOR PLAINTIFF**